IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD WATKINS                                                                          PLAINTIFF

v.                              Civil No. 5:21-cv-05038

SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas;
CAPTAIN HAROLD GAGE;
LIEUTENANT WYATT BANTA;
LIEUTENANT TYLER ROSS; and
JOHN DOE D-POD DEPUTIES                                                                 DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Plaintiff's failure to comply with orders of the Court.

Plaintiff filed his Complaint on February 25, 2021.  (ECF No. 1).  Plaintiff's motion to proceed *in forma pauperis* was granted on March 8, 2021.  (ECF No. 6).  That same day, the Court ordered Plaintiff to file an Amended Complaint by March 29, 2021, to clarify his claims.  (ECF No. 8).  The order informed Plaintiff that failure to timely and properly comply would result in this case being dismissed.  To date, Plaintiff has not complied with this Court's order to file an Amended Complaint and the order has not been returned as undeliverable.  On March 30, 2021, the Court ordered Plaintiff to show cause by April 20, 2021, as to why he failed to comply with the Court's order.  (ECF No. 9).  To date, Plaintiff has not responded and the show cause order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added). Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the undersigned recommends that this case be dismissed without prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 21st day of April 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE